UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL LEGGETT,

                        Plaintiff,                      **14 CV 5070 (SLT)(MDG)**

            -against-                       **FIRST AMENDED**
                                           **COMPLAINT**

CITY OF NEW YORK,
THIERRY LAMARRE,
JOHN SICULIANO, and                   **PLAINTIFF DEMANDS**
JOHN DOE #1,                              **A TRIAL BY JURY**

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Michael Leggett, by his attorneys, Lumer & Neville, as and for his

First Amended Complaint, hereby alleges as follows, upon information and belief:


## PARTIES, VENUE and JURISDICTION

1.              At all times hereinafter mentioned, plaintiff Michael Leggett, an adult

male, was a resident of Kings County, within the State of New York.

2.              At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York. New York City acts by and

through its agencies, departments, employees and agents, including, but not limited to, the

New York City Police Department ("NYPD"), and its employees.

3.              At all times hereinafter mentioned, defendant Thierry Lamarre was a

member of the NYPD and was employed, retained, trained, and supervised by New York

City. Defendant Lamarre is sued herein in his official and individual capacities.

4.        At all times hereinafter mentioned, defendant John Siculiano was a member of the NYPD and was employed, retained, trained, and supervised by New York City. John Siculiano is sued herein in his official and individual capacities.

5.        At all times hereinafter mentioned, defendant John Doe #1 was a member of the NYPD and was employed, retained, trained, and supervised by New York City. John Doe #1 is sued herein in his official and individual capacities.

6.        This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.        Venue is properly laid, pursuant to 28 U.S.C. §1391, *et seq.* in the Eastern District of New York, where plaintiff and defendant City of New York reside, and where the majority of actions complained of herein occurred.

8.        Plaintiff has timely served a Notice of Claim on the municipal defendant, and plaintiff has complied with all conditions precedent to commencing an action under New York State law.

9.        At least thirty days have elapsed since service of plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused.

10.        This action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

11.         On October 17, 2013, at about 11:30 p.m., plaintiff was lawfully present in the vicinity of 638 East 57th Street, Brooklyn, New York.

12.         At that time, plaintiff had alighted from a parked motor vehicle which he had permission to occupy.

13.         Shortly thereafter, plaintiff was stopped by defendants, who were New York City Police officers, dressed in plainclothes.

14.         The plaintiff was physically held and jostled by the defendants, who demanded to know what the plaintiff was doing in the area.

15.         Plaintiff explained to the defendants that plaintiff lived in the immediate area, and that plaintiff was going to the home of a friend.

16.         Although the defendants lacked reasonable suspicion to stop plaintiff, much less probable cause to arrest him, the defendants proceeded to arrest the plaintiff.

17.         The defendants placed overly-tight handcuffs on the plaintiff.

18.         The defendants searched the plaintiff repeatedly during this seizure.

19.         Other New York City Police officers arrived on the scene and also searched the plaintiff.

20.         The plaintiff was compliant with the orders and demands of the defendants and other officers, even though plaintiff had not committed any crime.

21.         No contraband was recovered from the plaintiff.

22.         Although there was no probable cause for the continued seizure of

plaintiff, defendants placed plaintiff in a police vehicle and removed him to a local NYPD station house or service area.

23.          Plaintiff was processed, fingerprinted, and photographed, and eventually taken to Central Booking in Kings County, New York.

24.          While plaintiff was in defendants' custody, the Kings County District Attorney's office declined to prosecute plaintiff.

25.          After a period of many hours, plaintiff was released from defendants' custody at Central Booking, without being charged.

26.          At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

27.          Despite the absence of probable cause and lack of evidence of criminal conduct by the plaintiff, the defendants proceeded with plaintiff's arrest.

28.          At no time did any of the defendants, or any other officer or other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore stated illegal conduct engaged in by the defendants, as was their obligation.  None of the defendants intervened to protect the constitutional rights of the plaintiff, which rights were being violated.

29.          At all relevant times herein, the individual defendants were acting as police officers of the City of New York, under color of New York State and United States Laws.

## FIRST CAUSE OF ACTION

30.          Plaintiff repeats the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

31.          Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

32.          By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and the unlawful search of plaintiff's person and property, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

33.          None of the defendants nor any New York City officer intervened to prevent, stop, or cut short the violation of the plaintiff's constitutional rights.

34.          By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer physical and emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.


## SECOND CAUSE OF ACTION

35.          Plaintiff repeats the allegations contained in paragraphs "1" through "34" above as though stated fully herein.

36.          Plaintiff was intentionally, willfully, maliciously and/or with reckless

disregard for the law, subjected to false arrest and imprisonment, and the unlawful search of plaintiff's person and property, due to the illegal and unconstitutional actions of the defendants.

37.        The municipal defendant City of New York is therefore vicariously liable under New York State Law to plaintiff for the unlawful search, seizure, and false arrest and imprisonment of plaintiff by the defendants, who were said municipality's employees and agents. This claim is made under the doctrine of *respondeat superior*.

38.        By reason thereof, the municipal defendant has caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty.


## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a petit jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, plaintiff demands actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, plaintiff demands actual damages in an amount to be determined at trial;

    iii.    Plaintiff demands statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, including disbursements and costs of this action; and

    iv.    Plaintiff demands such other relief as this Honorable Court may deem just and proper.

6

Dated: New York, New York
       February 16, 2015

                              LUMER & NEVILLE
                              Attorneys for Plaintiffs
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              Telephone:  (212) 566-5060
                              E-Mail:  jcnevillelaw@gmail.com


                                        /s/
                  By: _____
                       James Concemore Neville (JN-2128)

7